UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC HARDIE,<br><br>     Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a nonprofit association, INTERNATIONAL GIRLS BASKETBALL ORGANIZATION, a Washington nonprofit corporation, ALLIANT INTERNATIONAL UNIVERSITY, a nonprofit educational institution, TOWN AND COUNTRY HOTEL, LLC, a California limited liability company,<br><br>     Defendants. | Case No. 13cv346-W (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(d)**<br><br>**[ECF No. 19]** |

On March 14, 2013, Plaintiff filed a Motion to Expedite Discovery Pursuant to Federal Rule of Civil Procedure 26(d). (ECF No. 19.) Defendant National Collegiate Athletic Association (NCAA) filed an opposition on March 28, 2013[1] (ECF No. 30) and Plaintiff filed a reply on April 1, 2013. (ECF No. 36.) Having reviewed the parties' submissions and supporting exhibits, the Court GRANTS Plaintiffs' Motion for Expedited Discovery, as outlined below.

---

[1] Defendants Town and Country Hotel, LLC, International Girls Basketball Organization, and Alliant International, filed Notices of Joinder, indicating they join in NCAA's opposition to the motion to expedite discovery. *See* ECF Nos. 32, 33. and 34.

## I. BACKGROUND

Plaintiff brings this action under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. Plaintiff alleges Defendants implemented a coaching certification policy that unlawfully discriminates against African Americans in places of public accommodation in violation of Title II. Plaintiff filed his Complaint on February 13, 2013. (ECF No. 1.) On March 7, 2013, Defendant NCAA filed a Rule 12(b)(6) Motion to Dismiss (ECF No. 9). Thereafter, Defendants Town and Country Hotel, LLC, Alliant International University, and International Girls Basketball Organization each filed a Motion to Dismiss. (ECF Nos. 10, 12, and 16.) The motions are currently set to be heard before the Honorable Thomas J. Whelan on April 29, 2013.

On March 14, 2013, Plaintiff filed a Motion for Preliminary Injunction. (ECF No. 18.) Plaintiff seeks to enjoin Defendants from enforcing the current coaching certification policy, which prevents all persons with felony convictions from coaching at NCAA events. He also seeks to have his NCAA coaching certification reinstated. In 2001, Plaintiff was convicted of a felony. Despite his conviction, Plaintiff states that in 2010 and 2011, he was certified to coach at NCAA events under Defendants' prior certification policy. However, under the current policy, Plaintiff is barred from coaching at NCAA-certified tournaments, including the Midsummer Nights' Madness (MSNM) Basketball Western Tournament that will be held in San Diego, California on July 28-31, 2013. Defendants have opposed the motion. (ECF Nos. 37, 38, 39, 40, 43.) Currently, the motion hearing is set for April 29, 2013. Plaintiff has filed a motion requesting that the hearing be continued. (ECF No. 29.)

On March 14, 2013, Plaintiff also filed the instant Motion to Expedite Discovery. (ECF No. 19.) Plaintiff requests permission to propound discovery from Defendant NCAA prior to the Rule 26(f) conference. Plaintiff states his proposed discovery requests are relevant to the issues in the pending motion for preliminary injunction. Defendants oppose the request.

///

///

## II. DISCUSSION

In accordance with Federal Rule of Civil Procedure 26(d), discovery generally does not commence until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f), unless allowed by court order or agreement of the parties. Fed. R. Civ. Pro. 26(f). A court may permit early discovery if the requesting party demonstrates good cause. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In determining whether good cause justifies expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Am. LegalNet., Inc. v. Davis*, 673 F. Supp. 2d at 1062, 1067 (C.D. Cal. 2009); *Apple Inc. v. Samsung Electronics Co., Ltd.,* 768 F.Supp.2d 1040, 1044 (N.D. Cal. 2011).

As an initial matter, the Court notes that Defendants assert several legal arguments regarding the merits of Plaintiff's claim under Title II and the merits of Plaintiff's motion for preliminary injunction in opposition to the request for early discovery.[2] However, this Court expresses no opinion regarding the outcome of those motions, as those issues are the province of the District Judge assigned to this case. Therefore, the Court will only address the limited issue of whether Plaintiff has demonstrated good cause to warrant expedited discovery. The Court concludes that he has.

Here, the Court finds the factors set forth in *Am. LegalNet., Inc.v. Davis* weigh in favor of Plaintiff's request to conduct expedited discovery. First, there is a motion for preliminary injunction pending. (*See* ECF No. 18.) Second, Plaintiff argues his requests are narrowly tailored to the issues in the motion for preliminary injunction. In particular, Plaintiff seeks

---

[2] Defendants also object to Plaintiff's motion on the ground that he failed to meet and confer as required by Rule 37(a)(1) and the Court's local rules. However, because Plaintiff's motion is brought under Rule 26(d), the Court finds Plaintiff has not violated the Federal or local rules.

information about the NCAA's certification rules, which Plaintiff alleges are discriminatory and should not be enforced. Third, Plaintiff argues the discovery will assist the court in resolving the motion for preliminary injunction.

The Court has reviewed the proposed discovery requests, and finds the majority of the information sought is relevant to the pending motion for preliminary injunction and is likely to assist the Court in resolving the motion. However, the Court finds that some of the requests are overbroad at this stage in the litigation. Specifically, the Court finds Plaintiff's requests should be limited to information about the NCAA's policies from 2006 to present, as the two coaching-certification policies that Plaintiff was subject to fall within that time period. In addition, the Court finds that it would be burdensome for Defendants to produce its Person Most Knowledgeable and Sandra Parrot for deposition on an expedited basis. Further, the Court believes Plaintiff can obtain sufficient information through written discovery requests for purposes of the preliminary injunction motion.

Defendants argue it would be unreasonable and unduly burdensome to allow expedited discovery in light of the pending motions to dismiss. While a motion to dismiss may weigh against expedited discovery in some cases, the Court finds that in the particular circumstances of this action, where there is also a pending motion for preliminary injunction, early discovery is appropriate. *See e.g. Quintero Family Trust v. Onewest Bank, F.S.B.*, 2009 WL 3381804 (S.D. Cal. Oct. 16, 2009) (permitting expedited discovery where motion to dismiss under Rule 12(b)(6) was pending).

Finally, the Court notes that Plaintiff has requested discovery to start fairly far in advance of the normal course of discovery in this district. However, because the MSNM Western Basketball Tournament is scheduled for this summer, the Court finds that under a normal discovery schedule, it is likely Plaintiff would not be able to obtain discovery prior to the tournament.

///

///

///

## III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff may serve his First Set of Requests for Production of Documents to Defendant NCAA.  However, Plaintiff may **not** serve Requests Nos. 1, 4, 7, 10, 13, 16, and 17, as they are unduly burdensome at this stage in the litigation.  Further, Plaintiff may **not** serve Request No. 19, as it is duplicative of Request No. 18.

2. Plaintiff may serve his First Set of Interrogatories to Defendant NCAA However, Plaintiff may **not** serve Interrogatories Nos. 1, 2, 3, 4, 16, and 19, as they are unduly burdensome at this stage in the litigation.

3. Defendant NCAA shall respond to Plaintiff's Requests for Production of Documents and Interrogatories within thirty (30) days after being served.

4. Plaintiff may **not** serve his proposed Notices of Deposition until after the Rule 26(f) conference has occurred.

**IT IS SO ORDERED.**

DATED:  April 5, 2013

DAVID H. BARTICK
United States Magistrate Judge