1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

DOMINIC HARDIE,

CASE NO. 3:13-cv-0346-GPC-DHB

11

Plaintiff,

**ORDER:**

12

v.

**(1) GRANTING PLAINTIFF'S UNOPPOSED MOTION TO AMEND COMPLAINT;**

13
14

**(2) VACATING HEARING DATE**

15

THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, a nonprofit association, et al.,

**[ECF No. 117]**

16
17

Defendants.

18

19    Before the Court is Plaintiff Dominic Hardie's ("Plaintiff") Unopposed Motion

20    to Amend. (ECF No. 117.) Defendant National Collegiate Athletic Association (the

21    "NCAA") filed a statement of nonopposition to Plaintiff's motion. (ECF No. 123.)

22    Plaintiff wishes to correct a single misrepresentation regarding his criminal conviction,

23    clarifying that he pled guilty only to "possession" and not "possession with intent to

24    distribute." (ECF No. 117-1, at 1.) Plaintiff claims that he only recently became aware

25    of the misrepresentation. (*Id.* at 1–2.)

26    Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after

27    a responsive pleading has been filed may be allowed by leave of the court and "shall

28    freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962);

FED. R. CIV. P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *Id.*; *contra Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). In assessing the propriety of amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

The Court finds that all of the *Foman* factors weigh in Plaintiff's favor and thus GRANTS Plaintiff's motion to amend. First, Plaintiff has not delayed, bringing this motion soon after he became aware of the error. Second, Plaintiff is not acting in bad faith and merely wishes to correct a misrepresentation. Third, Plaintiff has not repeatedly failed to cure deficiencies as this is the first time he seeks to amend the complaint. Fourth, the NCAA would suffer no prejudice as Plaintiff's amendment only changes one alleged fact. Fifth, Plaintiff's amendment would not be futile as he is only correcting a misrepresentation.

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend, (ECF No. 117), is **GRANTED**;

2. Plaintiff is directed to file his First Amended Complaint currently proposed at ECF No. 117-3; and

/ /

3.    The hearing set for December 12, 2014, is **VACATED**.

DATED:  December 4, 2014

_____
HON. GONZALO P. CURIEL
United States District Judge